IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL SCOTT TILLEY, #28282-380, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:17-CV-2655-L-BK |
| | § | |
| DARIN J. HARMON, Warden, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this habeas corpus action under 28 U.S.C. § 2241 was automatically referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, the petition should be summarily **DISMISSED WITHOUT PREJUDICE**.

**I. BACKGROUND**

On September 28, 2017, Petitioner, a federal prisoner at FCI Seagoville, filed a *pro se* habeas petition under section 2241 against Respondent Darin J. Harmon, the warden of FCI Seagoville. He complains that Respondent has improperly denied him access to the Bureau of Prisons's ("BOP's") email system without giving a specific reason. Doc. 3 at 5. Petitioner avers that all federal prisoners have access to email through the Trust Fund Limited Inmate Computer System ("TRULINCS"). He argues Respondent "is using [Petitioner's] underlying charge/conviction as . . . reason for denying this email access."[1] Doc. 3 at 9. As relief, Petitioner requests that he be allowed email access through TRULINCS. Doc. 3 at 12.

---

[1] Petitioner pled guilty to Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity and was sentenced to 120 months' imprisonment. Doc. 3 at 3; *United States v. Tilley*, No. 7:13-cr-00316 (W.D. Tex. 2014).

## II. ANALYSIS

At the outset, this Court evaluates the substance of Petitioner's claims to determine if they are properly brought under 28 U.S.C. § 2241. Upon review, the Court concludes that they are not.

Courts have long recognized that habeas corpus actions are the proper vehicle to challenge the fact or duration of confinement. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Conversely, attacks on a prisoner's conditions of confinement are not cognizable in a habeas petition. *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994); *see also Schipke v. Van Buren*, 239 Fed. App'x 85, 85-86 (5th Cir. 2007) (federal prisoner's challenge to conditions of confinement should be brought in an action under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971)). The core issue in determining if a prisoner in state or federal custody must pursue habeas corpus relief rather than a civil rights action is whether the prisoner "challenge[s] the 'fact or duration' of his confinement or merely rules, customs and procedures affecting 'conditions' of confinement." *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987).

Although Petitioner filed his initial pleading on the federal habeas form and paid the $5.00 filing fee, he only seeks to challenge the rules, customs or procedures impacting his conditions of his confinement. Even when liberally construed, his claim of being wrongfully denied access to the TRULINCS email system does not give rise to any issue related to the fact or duration of his imprisonment. Again, the only relief Petitioner seeks is email access through TRULINCS, Doc. 3 at 12, which is outside the scope of a section 2241 habeas action. S*ee Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) ("habeas is not available to review questions unrelated to the cause of detention.").

Moreover, the interests of justice would not be served by construing the petition to assert a civil rights claim. Permitting Petitioner to prosecute a civil rights action upon payment of only the $5.00 habeas corpus filing fee, rather than the $400.00 filing fee attendant to civil actions, would allow him to circumvent the filing fee requirements and other provisions of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).[2] Accordingly, Petitioner's claims regarding the conditions of his confinement should be dismissed without prejudice to being brought in a civil rights action.

### III. RECOMMENDATION

For the foregoing reasons, the petition for writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** November 7, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Although the Prison Litigation Reform Act (PLRA) allows a prisoner to bring a civil action *in forma pauperis*, without prepayment of fees, it requires prisoners to "pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). A $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400, for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE